IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RICKEY ALFRED WALKER | § | |
| v. | § | CIVIL ACTION NO. 9:12cv32 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Rickey Alfred Walker, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Walker was convicted of burglary of a habitation with use of a deadly weapon, for which he received a sentence of 50 years in prison. He filed a direct appeal, but his conviction was affirmed by the Sixth Judicial District Court of Appeals. Walker's petition for discretionary review of this decision was refused. Walker also sought state habeas corpus relief, which was denied by the Texas Court of Criminal Appeals.

In his federal habeas corpus petition, Walker complained that he was improperly denied an instruction on self-defense, a juror failed to disclose during voir dire that he, the juror, knew and was "gang affiliated" with the complainant, Jason Whitt, and that Walker received ineffective assistance of counsel at trial and on appeal. The Respondent answered Walker's petition and furnished copies of the state court records. Walker did not file a response to the answer.

1

After review of the pleadings and records, the Magistrate Judge issued a Report recommending that the federal habeas corpus petition be dismissed. The Magistrate Judge observed that the Sixth Court of Appeals had held that Walker was not entitled to an instruction on self-defense because the issue was not raised by the evidence, and Walker did not show that this determination by the state court was contrary to or involved an unreasonable application of clearly established federal law, or was based on a unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

With regard to Walker's claim of juror misconduct, the Magistrate Judge noted that the state trial court had held a hearing on this issue in the context of a motion for a new trial. This motion was denied, which constituted an unarticulated finding that the witness whom Walker called in support of his motion lacked credibility. The Magistrate Judge stated that Walker failed to rebut this finding by clear and convincing evidence, and failed to show that the state court decision denying his claim was contrary to or involved an unreasonable application of clearly established federal law, or was based on a unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Finally, the Magistrate Judge reviewed Walker's claims of ineffective assistance of counsel and determined that Walker failed to show that the performance of his attorney, Steven Evans, fell below an objective standard of reasonable competence, or that but for counsel's allegedly defective performance, the result of the proceeding would probably have been different. The Magistrate Judge therefore recommended that Walker's petition be dismissed and that Walker be denied a certificate of appealability *sua sponte*.

Walker filed objections to the Magistrate Judge's Report on March 25, 2013. In his objections, after setting out a number of authorities, Walker argues that Jason Whitt, the victim of the crime, had a prior felony conviction for possession of a stolen firearm and was on parole for burglary of a habitation, and thus had motive to lie. Walker provides his version of events and cites to testimony which he says supports his version, and contends that there was "more than just some

evidence that petitioner was acting in self-defense." Walker argues the Sixth Court of Appeals' disposition of his claim was "conclusory" and that the court's holding that he could not be entitled to an instruction on self-defense because he did not admit to the charged conduct violates his right to be free from self-incrimination.

Walker's argument fails to show that the decision of the Sixth Court of Appeals was contrary to or involved an unreasonable application of clearly established federal law, or was based on a unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The appellate court considered the evidence cited by Walker, including the testimony of Latechea Whitt, Masheal Kennedy, and Bobby Betsell in concluding that there was insufficient evidence upon which to give a self-defense instruction. It is not enough for Walker to simply point to this evidence again; he must show that the state court's decision was an unreasonable application of the law or facts. Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002); 28 U.S.C. §2254(d). Because he has failed to do so, his objection on this point is without merit.

In his second objection, Walker states that the records in this case show that the allegedly biased juror, Demetrius Wyatt, provided dishonest answers to the voir dire questions by not disclosing his knowledge of the parties, the facts of the case, or his gang-affiliated relationship, including the purchasing of drugs, with Whitt. Walker recites the testimony from Kelvin Craig, the witness who testified as to Wyatt's alleged wrongdoings, and says that "clearly the testimony of Kelvin Craig at Petitioner's motion for new trial adduced evidence and circumstances that Demetrius Wyatt was a biased juror who knew the alleged victim Jason Whitt from previous drug dealings and that Craig and Wyatt had purchased cocaine from Whitt in January of 2008."

While it is true that Craig testified to this effect at the motion for new trial, the Sixth Court of Appeals observed that "the trial court is the trier of fact and the sole judge of the credibility of the witnesses at a hearing on a motion for new trial." The Magistrate Judge concluded that the motion for new trial was denied based upon an unarticulated finding that Craig's testimony lacked credibility, which finding is entitled to a presumption of correctness. Marshall v. Lonberger, 459

3

U.S. 422, 433 (1983). Such a presumption may only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1). Walker simply reiterates Craig's testimony, without offering clear and convincing evidence to overcome the presumption that such testimony lacked credibility. Accordingly, he has not shown that the state court's determination was contrary to or involved an unreasonable application of clearly established federal law, or was based on a unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Walker's second objection is without merit.

Walker begins his third objection by complaining that his attorney did not subpoena a woman identified as "Tay," whom he says could have corroborated Craig's testimony at the hearing on the motion for new trial. As the Magistrate Judge stated, petitioners raising claims of ineffective assistance based on failure to call witnesses must demonstrate prejudice by (1) naming the witness, (2) demonstrating that the witness was available to testify and would have done so, (3) setting out the contents of the witness' proposed testimony, and (4) showing that the testimony would have been favorable to a particular defense. Woodfox v. Cain, 609 F.3d 774, 808 (5th Cir. 2010), *citing* Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009). Walker fails to provide Tay's surname, fails to show that she was available to testify and would have done so, and offers only his own speculation to what her testimony would have been had she testified. This is wholly insufficient to meet his burden. Woodfox, 609 F.3d at 808; Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985). Walker's claim on this point is without merit.

Walker goes on to complain that Evans failed to research the law on self-defense and made no timely objections or requests for the submission of the affirmative defense of self-defense to the jury. This assertion is simply incorrect; as the Magistrate Judge pointed out, Evans specifically requested that a self-defense charge be submitted to the jury. *See* Reporter's Record, Vol. III, pp. 46-47. Walker's objection on this point is without merit.

Walker further asserts that the State is not entitled to any presumption of correctness because in his state habeas proceeding, the trial court did not designate any issues or make any findings of

4

fact or conclusions of law, and the Texas Court of Criminal Appeals denied relief without written order. However, Walker's claims were adjudicated on the merits in his direct appeal. Even if the disposition of his state habeas proceeding was not entitled to a presumption of correctness, he fails to show that the adjudication of his claims by the Sixth Court of Appeals was not entitled to this presumption, nor has he shown that the decisions of the state courts amounted to unreasonable applications of the law or facts. Moore, 313 F.3d at 881. Walker's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 13) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Rickey Walker is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** on April 26, 2013.

_____
Ron Clark, United States District Judge